Carrie A. Capolupo
_(Name)_

2016 Darin Drive
_(Address)_

Manila, Ca 95521
_(City, State, Zip)_

carriecapo@gmail.com
_(CDCR / Booking / BOP No.)_

**FILED**

DEC 10 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RMI

# United States District Court
## Northern District of California

CARRIE CAPOLUPO and FAMILY,
_(Enter full name of plaintiff in this action.)_

Plaintiff,

v.

KRISTEN EILLS, KIMBERLEY SCHNEIDER, RORY KALIN AND HUMBOLDT COUNTY CHILD PROTECTIVE SERIVCES,

_(Enter full name of each defendant in this action.)_

Defendant(s).

CV 18 7458

Civil Case No._____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____.

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, __CARRIE CAPOLUPO__
   _(print Plaintiff's name)_
   _____, who presently resides at __2016 DARIN DRIVE, MANILA, CA 95521__
   _(mailing address or place of confinement)_
   _____, were violated by the actions of

the below named individuals. The actions were directed against Plaintiff at _____
__RESIDENCE AND HOSTIPAL__ on (dates) __8-7-17__, __8-7-17__, and _____.
_(institution/place where violation occurred)_     (Count 1)     (Count 2)     (Count 3)

§ 1983 SD Form
(Rev. 8/15)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant __Kristen Eills__ resides in __Humboldt County, CA__,
         (name)                                    (County of residence)
and is employed as a __Social Worker for Humboldt County, CA__. This defendant is sued in
                     (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __Defendants enter residence after being told of Religous customs to removed shoe's and to not defile relgious space within residence. Defendant defiled Relgious rugs and sacred space within residence. Defendnats deprivied plaintiff of her regilous practice by forcing her out of residence.__

Defendant __Kimberley Schneider__ resides in __Humboldt County, CA__,
         (name)                                    (County of residence)
and is employed as a __Social Worker for Humboldt County, CA__. This defendant is sued in
                     (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __Defendnat under color of auhtority deprivied plaintiff of her right to breast feed her baby by forcing plainitff to leave her residence and go to the emergence for a medical exam. Defendnats deprivied plaintiff from leaving the hostipal for 3 hours with threats of having her children removed from her care.__

Defendant __Humboldt County__ resides in __State of California__,
         (name)                                    (County of residence)
and is employed as a __Political Subdivison of the State of Calif.__. This defendant is sued in
                     (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __To rememdy the damges to the religous rugs and civil violations, plaintiff filed a Complaint for damages with the Humboldt County Health and Human Serives and Board of Supervisors which was rejected Novermber 21, 2017.__

Defendant __Rory Kalin__ resides in __Humboldt County__,
         (name)                                    (County of residence)
and is employed as a __Deputy County Counsel__. This defendant is sued in
                     (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __Retaliated against plaintiff by falsifying and signing petition against plaintiff for practicing her families relgious customs with no evidence or probable cause of abuse to the children.__

§ 1983 SD Form
(Rev. 8/15)

2

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: <u>First Amendment -Freedom of Religon and</u>
(E.g., right to medical care, access to courts,
<u>Movement. Retaliation for engaging religous preactice which allegedly cause harm to children.</u>
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

SEE ATTACHEDMENT

§ 1983 SD Form
(Rev. 8/15)

3

Count 2:  The following civil right has been violated: __Foruth Amendment- right to be secure in residence,__
                                                        (E.g., right to medical care, access to courts,
__Warrent lacked probable cause of factual evidence__ .
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

SEE ATTACHEDMENT

§ 1983 SD Form
(Rev. 8/15)

4

Count 3: The following civil right has been violated:_____
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

§ 1983 SD Form
(Rev. 8/15)

5

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] _____

(d) Issues raised: _____

(e) Approximate date case was filed: _____

(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.] ? ☐ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not exhausted.

Plainitff filed a Complaints for Damages witht the Humboldt County Board of Supervisors that was reject by the Bpard on Nov. 21, 2017. Plaintiff filed a religous discrimination complaint against Humboldt County Human and Health Service and Sw Kim Schinerd and Kristen Eills that was rejected aprox. Febuary 2018.

§ 1983 SD Form
(Rev. 8/15)

6

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s):

FROM THE AUTHORITY UNDER COLR OF LAW TO OPPOSE PLAINTIFF

RELIGOUS CUSTOMS AND PRIVANCY.

COMPENSATORY DAMGES FOR THE EMOTIONAL PAIN, SUFFERING AND A LOST OF EARNING.

2. Damages in the sum of $ __TEN THOUSAND DOLLARS__ .

3. Punitive damages in the sum of $ __FIVE THOUSAND FOR EACH VIOLATION__

4. Other: __ATTORNEY FEES AND OTHER DMAGES PROVEN AT TRIAL__

### F. Demand for Jury Trial

Plaintiff demands a trial by ☐ Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

_____   _____
Date                                          Signature of Plaintiff

§ 1983 SD Form (Rev. 8/15)

7

SECTION C. Cause of Action

### First Amendment –
### Freedom of Religion and Movement.
### Retaliation for engaging Religious practice.

1. Social worker Kristen Ellis and Deputy County Counsel Rory Kalin initiated a Warrant without probably cause and base solely on a" received referral" regarding plaintiff's family religious customs and to prohibit family from practicing their religion.

2. August 7th 2017 at approximately 9am Plaintiff heard a pounding on her front door and when Plaintiff opened it there were six sheriffs and two social workers standing there. Plaintiff ask for a warrant and the removal of all shoe's for those Defendants planned to enter Plaintiff residence. Sheriff Foster stuck his foot at the bottom of the door so Plaintiff could not close it and pushed it further open with his foot. One of the sheriffs pointed to a defendants who was standing behind the group of sheriffs and said "he has it" before Plaintiff could see the warrant the Sheriffs barged into Plaintiff house. Plaintiff demanded that they get out of plaintiff house but Defendants did not listen. They walked all over Plaintiffs house without removing their shoes as Plaintiff asked and walked all over Plaintiffs beds that are on the floor and they walked over Plaintiffs alter where Plaintiff honor her ancestors which is part of her spiritual practices. This was a complete defilement of her home and religious alter. Continues at paragraph 4.

**Plaintiffs was prevented from leaving (movement) the Emergency Room**

3. Plaintiff had work at 1:00pm SW Kim Schneider went and spoke with her supervisor. Defendant came back and told Plaintiff that she could leave if she signed a release of medical information for her two (when only one of the child's name is on the warrant) children so that she could call their doctors. Since Plaintiff had to go to work and her kids were antsy, tired

## SECTION C. Cause of Action

and hungry Plaintiff agreed to sign it. Once Plaintiff signed the release Plaintiff was able to move about freely.

### Fourth Amendment-
### Right to be secure in residence,
### Warrant lacked probable cause of Factual Evidence.

4. (After enter Plaintiff residence) Plaintiff was commanded to sit on the couch. SW Kim Schneider came in and said that she was going to interview Plaintiffs son and that the children needed to be inspected by a medical professional. Plaintiff told Defendant that she was not going to talk to her son without an attorney present. When Plaintiff picked up her phone to call for legal help, one sheriff grabbed her phone out of her hand and said Plaintiff could not use her phone. Defendants set the phone on the table and told me to stay on the couch.

5. Plaintiff told SW Kim Schneider that she was not allowed to speak with her son without Plaintiff present. Defendants insisted that it was protocol to speak to the child without a parent present. Again Plaintiff protested. Again the Sheriff told me to remain sitting on the couch. SW Kim Schneider took my son into his room and shut the door and began to conduct an interview with just her and my four year old in the room. While she was in my son's room and Plaintiff was surrounded by her supervisor and 5 sheriffs Plaintiff sprung up from the couch and grabbed her video camera that was sitting by the TV.

6. Plaintiff began to film and asked the sheriff officers why they had lied about my neighbors calling about a door to my house being open. They remained silent. Once Plaintiff turned the camera on, suddenly they allowed me to move through my house freely without saying

## SECTION C. Cause of Action

anything. Plaintiff grabbed her cell phone off the table and called friend who was at work, since the camera was on, they did not take the phone out of her hand.

7. Defendants went into the back yard and spoke with her supervisor privately. Defendants then went over to one of the Sheriffs and spoke with him privately. All the while Plaintiff was telling the Sheriff's to get out of her home and they did not listen. SW Kim Schneider then began to ask her a series of questions about my religious customs. Plaintiff explained briefly to SW Schneider what she and the informant misunderstood about her family customs. Defendants then began to pressure her into taking my children to the emergency room due to her religious customs. Plaintiff told Defendants let her call their doctor and see if Plaintiff could get an appointment that day because Plaintiff would rather them be seen by their doctors they are familiar with.

8. SW Kim Schneider said that Defendant did not have the time to and began to pressure Plaintiffs into going to the emergency room, after Plaintiff repeatedly told defendants that Plaintiff did not want take her children there. Defendants told her over 5 times that if Plaintiff did not go with defendants to emergency, defendants would take her children into custody. Plaintiff asked defendants why and defendants said that her son indicated that he experience physical force as punishment and he had a bruise on his face. (Later at hospital she admitted that there was no bruise on his face but it was a shadow or dirt).

9. Plaintiff children were perfectly happy and healthy and defendants was demanding a physical exam of them do to my family religious customs. Plaintiff began to get her children dressed as

## SECTION C. Cause of Action

Plaintiff was being hurried along by Defendants and Sheriffs. Plaintiff told defendants that Plaintiff need to feed them before we go because she came in the middle of my religious customs followed by breakfast (feeding) and Plaintiff did not want them to be hungry at the emergency waiting room. Defendant would not allow Plaintiff to feed her child or breastfeed her daughter and demanded that Plaintiff take food to go and breastfeed at the hospital.

10. After all defendants demands and being rushed and pressured out of her home by SW Schneider, Eills and sheriffs, Plaintiff looked up the code 238.5 that was in the warrant about her child medical exam and pointed out to defendants that the code said that it was mandatory medical exam within 72 hours of her children being in custody. Defendants did not listen and insisted that Plaintiff children be taken to hospital even though they were not in custody. While forcing Plainitff out of my house she indicated that the sheriffs would be meeting us at the hospital but in fact they did not.

11. Upon arriving at the emergency, suddenly with no Sheriffs present defendant changed her attitude and told Plaintiff that they were not in custody and Plaintiff did not have to do medical exam but that Plaintiff would be disobeying a court order. Never did the defendant say this when Plaintiff was refusing to leave her home and take Plaintiff children to emergency, defendant just kept repeating to the Plaintiff, if she did not take her children than the defendants would take her children into their custody.

12. At the hospital defendant said it was Plaintiff choice and said nothing about taking the children into custody. This was very confusing to Plaintiff but since Plaintiff was already at the hospital Plaintiff went in and waited for hours with her children. At 12:42 Plaintiff asked

## SECTION C. Cause of Action

defendants if Plaintiff can leave because Plaintiff had work at 1:00. Defendant went and spoke with her supervisor. Defendant came back and told Plaintiff she could leave if she signed a release of medical information for her two children so that defendants could call their doctors. Since Plaintiff had to go to work and her kids were antsy, tired and hungry Plaintiff agreed to sign it. Once Plaintiff signed the release Plaintiff was able to go. Plaintiff told defendant that there was no bruising on her child's face and defendant admitted to Plaintiff that there was no bruising but said at the house defendant must have seen a shadow in the room or some dirt on his face.

13. Months later Defendants closed the case.

November 4, 2018